IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 MAR 30  A 11: 00

ROB SALISBURY, STEVE SALISBURY          )
and SUE GILLILAND,                       )
                                         )
        Plaintiffs,                      )
                                         )
v.                                       )    CIVIL ACTION NO.
                                         )    1: 06 CV 286-CSC
PEMCO AVIATION GROUP, INC., a/k/a        )
PEMCO AEROPLEX, INC., Alabama            )
Corporations, and LYNDA SALISBURY,       )
                                         )
        Defendants.                      )

## NOTICE OF REMOVAL

Defendant Pemco Aviation Group, Inc. ("Pemco"), pursuant to 28 U.S.C. §1446, hereby

files this Notice of Removal of this case from the Circuit Court of Dale County, Alabama, Case

No. CV-06-47M, where it is currently pending, to the United States District Court for the Middle

District of Alabama. This cause is removable pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441,

because Plaintiffs have pled claims that arise under federal law, namely the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et. seq.* In support of this

Notice, Pemco respectfully shows the Court as follows:

1.      Rob Salisbury, Steve Salisbury and Sue Gilliland ("Plaintiffs") instituted this civil

action in the Circuit Court of Dale County, Alabama, on February 24, 2006 in their capacity as

children of Steven Marvin Salisbury, Deceased ("Decedent"). A true and correct copy of all

process and pleadings as served upon Defendants is attached hereto as Exhibit "A" and is

incorporated herein by reference. Plaintiffs' Complaint for Declaratory Judgment concerns the

payment of retirement benefits under the Pemco Aviation Group, Inc. 401K Plan (the "Plan"), an

employee pension benefit plan established and maintained by Pemco, Decedent's former

01312662.1

employer.

2.      This action against Defendants could have been originally filed in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), in that Plaintiffs seek to recover benefits under an employer-sponsored ERISA plan.  A copy of the Summary Plan Description ("SPD") for the Plan is attached hereto as Exhibit "B".  The SPD provides that the Plan is governed by ERISA and informs participants of their rights under the ERISA statute.  (See SPD at p. 15.)

3.      Defendant Pemco was served with the Summons and Complaint on March 6, 2006.  As of the date of this removal, Defendant Lynda Salisbury has not been served with the Summons and Complaint.  This Notice of Removal has been timely filed because it was submitted within thirty (30) days after receipt by any Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).  *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

4.      The United States District Court for the Middle District of Alabama, Southern Division, is a federal judicial district embracing the Circuit Court of Dale County, Alabama, where this suit was originally filed.  Venue is therefore proper under 28 U.S.C. §81(b)(1) and §1441(a).

## FEDERAL QUESTION

5.      As set forth in the Complaint, Plaintiffs claim that they were erroneously "omitted" as Plan beneficiaries when the Plan changed service providers, and allege that the omission was due to Pemco's negligent administration of the Plan.  (Complaint at ¶ 7, 17.) Plaintiffs seek a judgment in their favor "declaring the 401K funds of Steven Marvin Salisbury are the property of plaintiffs in fee simple who are the rightful beneficiaries of the funds." (Complaint at ¶ 9.)

2

01312662.1

6.    Although removal based on federal-question jurisdiction generally is proper only if a federal question appears on the face of a well-pleaded complaint, "[o]ne corollary of the well-pleaded complaint rule developed in the case law . . . is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. at 63-64; *accord, e.g., Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1353 (11th Cir. 1998) ("Congress may preempt an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction.").

7.    The field of employee benefit plans is one of the areas subject to complete preemption under federal law.  Under the "complete preemption" doctrine, "claims that fall within the scope of 29 U.S.C. § 1132(a) are treated as arising under federal law and thus may be removed to federal court.".[1]  *Id.; accord, e.g., Hall v. Blue Cross/Blue Shield of Ala.*, 134 F.3d 1063 (11th Cir. 1998) (upholding removal of fraud claim relating to benefits under ERISA plan); *Franklin v. QHG of Gadsden, Inc.* 127 F.3d 1024 (11th Cir. 1997) (upholding removal of claims alleging that plaintiff was induced to switch jobs based on misrepresentations about available employee benefits); *Randol v. Mid-West Nat'l Life Ins. Co. of Tenn.*, 987 F.2d 1547, 1548 n.1 (11th Cir.) (assertion of an ERISA preemption defense suffices to establish federal question subject matter jurisdiction under 28 U.S.C. § 1331, thus permitting a state court defendant to remove to federal court pursuant to 28 U.S.C. § 1441), *cert. denied*, 510 U.S. 863 (1993); *Brown*

---

[1] ERISA § 502(a), the civil enforcement provision, allows a plan participant or beneficiary to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B), "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan," *id.* § 1132(a)(3)(A), and "to obtain other appropriate equitable relief," including restitution, *id.* § 1132(a)(3)(B).

01312662.1

*v. Connecticut Gen. Life Ins. Co.,* 934 F.2d 1193 (11th Cir. 1991) (upholding removal of claims for benefits under ERISA plan); *Amos v. Blue Cross-Blue Shield of Ala.,* 868 F.2d 430 (11th Cir. 1989) (removal of claims for benefits under ERISA plan), *cert. denied,* 493 U.S. 855 (1989).

8.    The Eleventh Circuit has propounded a four-part test to determine when state-law claims are completely preempted by ERISA or, in the court's words, when "superpreemption" exists:

> First, there must be a relevant ERISA plan . . . .  Second, the plaintiff must have standing to sue under that plan . . . .  Third, the defendant must be an ERISA entity . . . .  Finally, the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan.

*Butero,* 174 F.3d at 1212.  "Regardless of the merits of the plaintiff's actual claims (recast as ERISA claims), relief is available [under § 1132(a)], and there is complete preemption, when [these] four elements are satisfied." *Id.*.

9.    Each of the *Butero* test's four elements is plainly satisfied here.  First of all, as evidenced by a review of the SPD, the Plan clearly qualifies as employee pension benefit plan under ERISA.  Second, Plaintiffs, as potential beneficiaries, clearly have standing to enforce the Plan's terms.    29 U.S.C.  §  1132(a)(1)(B).    Third, Pemco, the Plan Sponsor and Plan Administrator, is an ERISA entity.  *See Englehardt v. Paul Revere Life Ins. Co.,* 139 F.3d 1346, 1352 (11th Cir. 1998).  Fourth, the Complaint is beyond dispute a suit by potential beneficiaries to "enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the plan." 29 U.S.C. § 1332(a)(1)(B); *Brown v. Connecticut General Life Ins. Co.,* 934 F.2d 1193, 1196 n.4 (11th Cir. 1991).

10.    Accordingly, Plaintiffs' claims for declaratory judgment and negligence arising out of Decedent's participation in an ERISA governed employee pension benefit plan, which

4

holds the retirement benefits at issue, are completely preempted by ERISA.  See Pilot Life Ins. Co. v. Dedeaux, 48 U.S. 41, 107 S.Ct. 1549 (1987); Gilbert v. Alta Health & Life Insurance Co., 276 F.3d 1292, 1299 (11th Cir. 2000); Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1213 (11th Cir. 1999); Swerhun v. Guardian Life Ins. Co. of America, 979 F.2d 195 (11th Cir. 1992); First Nat. Life Ins. Co., v. Sunshine-Junior Food Stores, Inc., 960 F.2d 1546, 1550 (11th Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Willett v. Blue Cross and Blue Shield of Alabama, 953 F.2d 1335, 1341, n.6 (11th Cir. 1992); Brown v. Hartford Life Ins. Co., 934 F.2d 1193, 1196 (11th Cir. 1991); Clark v. Coats & Clark, Inc., 865 F.2d 1237, 1243 (11th Cir. 1989); Amos v. Blue Cross-Blue Shield of Alabama, 868 F.2d 430, 431 (11th Cir. 1989), cert. denied, 493 U.S. 855, 110 S. Ct. 158 (1989); Howard v. Parisian, Inc., 807 F.2d 1560, 1563 (11th Cir. 1987); Jackson v. Martin Marietta Corp., 805 F.2d 1498, 1499 (11th Cir. 1986).  Plaintiffs' remedy, if any, is limited to that provided by ERISA's civil enforcement provisions.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

12.    This suit is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

13.    Removal is timely under 28 U.S.C. § 1446(b).  This Notice of Removal has been filed within 30 days of the earliest date of service.

14.    Removal of this action is proper as all prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

15.    Plaintiffs allege that Defendant Lynda Salisbury is a not a proper beneficiary of the contested retirement benefits.  Based on those allegations, Defendant Lynda Salisbury is also an ERISA entity and Plaintiffs' claims against her are also superpreempted.  Alternatively, this Court, pursuant to 28 U.S.C. §§ 1367 and 1441(c), has jurisdiction over the claims asserted by Plaintiffs against Defendant Lynda Salisbury.

01312662.1

16.    No defendant has previously sought similar relief in this case.

17.    All properly served Defendants join in and consent to this removal.

18.    Written notice of the filing of this Notice of Removal will be given to all parties of record as required by law.

19.    A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court for Dale County, Alabama.

20.    Should any question arise as to the propriety of the removal of this action, Defendants request the opportunity to submit a brief and present oral argument to show that this case clearly is removable under controlling federal law.

WHEREFORE Defendant Pemco Aviation Group, Inc., desiring to remove this civil action to the United States District Court for the Middle District of Alabama, Southern Division, the District and Division encompassing the county in which such civil action is pending, prays that the filing of this Notice of Removal shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted this 29th day of March, 2006.

William B. Wahlheim, Jr.
John David Collins
Grace C. Robinson

Attorneys for Defendant
Pemco Aviation Group, Inc.

**OF COUNSEL:**

Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

6

01312662.1

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the ⟨29th⟩ day of March, 2006.

Allen K. Mitchell
Meredith, Mitchell & Gabrielson, P.C.
707 West Main Street
Dothan, AL 36301

Wade Hampton Baxley
Ramsey, Baxley & McDougle
P. O. Drawer 1486
Dothan, AL 36302

OF COUNSEL

7

01312662.1