**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA** RECEIVED
**SOUTHERN DIVISION**

2006 MAR 30  A 11: 00

|  |  |  |
|---|---|---|
| ROB SALISBURY, STEVE SALISBURY and SUE GILLILAND, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| PEMCO AVIATION GROUP, INC., a/k/a PEMCO AEROPLEX, INC., Alabama Corporations, and LYNDA SALISBURY, | ) ) ) ) ) | 1:06CV286-CSC |
| Defendants. | ) ) ) | |

**DEFENDANT PEMCO AVIATION GROUP, INC.'S ANSWER, COUNTERCLAIM**
**AND CROSS-CLAIM FOR INTERPLEADER**

COMES NOW, Defendant Pemco Aviation Group, Inc. ("Pemco"), and submits its

Answer, Counterclaim and Cross-Claim for Interpleader to Plaintiffs' Complaint as follows:

**COUNT I**

1.      The allegations of this paragraph constitute jurisdictional allegations to which no

responsive is required.  To the extent that a response may be deemed to be required, Pemco

states that venue and jurisdiction is proper in the United States District Court for the Middle

District of Alabama pursuant to this Court's original federal question jurisdiction insofar as

Plaintiffs' claims relate to an ERISA preempted employee pension benefit plan.

2.      Upon information and belief, Pemco admits that Plaintiffs are the children of

Steven Marvin Salisbury, Deceased.

3.      Pemco admits that it formerly employed Steven Marvin Salisbury, Deceased.

Upon information and belief, Pemco further admits that Lynda Salisbury is Steven Marvin

Salisbury's widow.

01312664.1

4.      In response to the allegations of this paragraph, Pemco admits that BISYS provides administrative services for the Pemco Aviation Group, Inc.'s 401K Plan ("Plan").

5.      Admitted.

6.      Admitted.

7.      Pemco is without sufficient information at this time to either admit or deny the allegations contained in the first sentence of this paragraph, except to state that the beneficiary designation forms completed by Decedent will speak for themselves.  Pemco admits that the Plan's administrative service provider changed on or about April 1, 2005, but denies that said change resulted in the "omission" of Plaintiffs as primary beneficiaries.  In further response, and for purposes of clarification, Pemco states that, following the change of administrative service providers, Decedent completed and submitted (but did not sign or date) a new Beneficiary Designation Form identifying Defendant Lynda Salisbury as the "Primary" beneficiary and Plaintiff Stephen M. Salisbury as the "Contingent" beneficiary.  A true and correct copy of the beneficiary designation form is attached hereto as Exhibit B.

8.      In response to the allegations of this paragraph, Pemco acknowledges that Plaintiffs seek a declaration of their rights and interest with respect to the proceeds of Decedent's 401K Plan.  In further response, Pemco states that Decedent's 401K account had a balance of $121,167.20 as of the date of his death.

9.      In response to the allegations of this paragraph, Pemco acknowledges that Defendant Lynda Salisbury has asserted a competing claim to the proceeds of Decedent's 401K Plan. Pemco denies all remaining allegations directed against it, if any, and demands strict proof thereof.

01312664.1

In response to the unnumbered "Wherefore" clause following paragraph 9 of Plaintiffs' Complaint, Pemco responds by incorporating its Counterclaim and Cross-Claim for Interpleader as set forth in detail below.

## COUNT II

10.    Pemco reasserts its responses to paragraphs 1-9 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

11.    In response to the allegations of this paragraph, Pemco states that Decedent's Beneficiary Designation Form(s) will speak for themselves.  To the extent this paragraph calls for a legal conclusion, no response is required.

12.    Pemco is without sufficient information at this time to either admit or deny the allegations contained in this paragraph.

13.    Upon information and belief, Pemco admits that Wells Fargo provided administrative services in connection with the Plan prior to April 1, 2005.

14.    Upon information and belief, Pemco admits that BISYS provided administrative services in connection with the Plan on or after April 1, 2005.

15.    Pemco is without sufficient information to respond to the allegations of this paragraph relating to the intent of Decedent in identifying Plan beneficiaries, except to state that the Beneficiary Designation Form(s) completed by Decedent will speak for themselves.  To the extent this paragraph calls for a legal conclusion, no response is required.

16.    Pemco denies the allegations of this paragraph and further denies that the change in administrative service providers impacted Decedent's beneficiary designation.  Decedent completed and submitted (but did not sign or date) a Beneficiary Designation Form identifying Defendant Lynda Salisbury as the "Primary" beneficiary and Plaintiff Stephen M. Salisbury as

01312664.1

the "Contingent" beneficiary of benefits available under the 401K Plan. To the extent this paragraph calls for a legal conclusion, no response is required.

17.    Pemco denies the allegations of this paragraph and demands strict proof thereof.

18.    Pemco denies the allegations contained in the first sentence of this paragraph and demands strict proof thereof. In response to the remaining allegations of this paragraph, Pemco adopts and incorporates its Counterclaim and Cross-Claim for Interpleader as set forth in detail below.

19.    In response to this paragraph, Pemco adopts and incorporates its Counterclaim and Cross-Claim for Interpleader as set forth in detail below.

In response to the unnumbered "Wherefore" clause following paragraph 19 of Plaintiffs' Complaint, Pemco states that Plaintiffs' state law claims and claims for extracontractual relief are preempted and barred. Pemco further responds by incorporating its Counterclaim and Cross-Claim for Interpleader as set forth in detail below.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant states that all actions taken were in accord with the Plan's provisions and there was no abuse of discretion in the administration of the Plan with respect to Plaintiff.

### SECOND DEFENSE

Plaintiffs' claims and demands for relief are preempted and governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"), pursuant to the provisions of 29 U.S.C. Section 1001, *et seq.*

01312664.1

## THIRD DEFENSE

Plaintiffs cannot recover or be adjudged entitled to benefits in excess of those provided under the terms of the Plan.

## FOURTH DEFENSE

At all times relevant to the above-captioned action, the Plan has been administered pursuant to its terms and in conformity with applicable law.

## FIFTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare pension plan at issue.

## SIXTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to the claim determination.

## SEVENTH DEFENSE

Plaintiffs' claims are barred because Defendant discharged its duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

## EIGHTH DEFENSE

Plaintiffs are precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

## NINTH DEFENSE

Defendant asserts that Plaintiffs failed to demonstrate eligibility for benefits under the terms and provisions of the Plan.

01312664.1

## TENTH DEFENSE

Defendant denies each and every allegation in Plaintiffs' Complaint except as specifically admitted herein.

## ELEVENTH DEFENSE

The factual determinations and interpretations of the Plan were the correct and best interpretations of the Plan's terms and available evidence.

## TWELFTH DEFENSE

The denial of Plaintiffs' claim for benefits, if any, was fair, reasonable, based on substantial evidence, consistent with the terms and intent of the Plan, and within the decision maker's discretion under the terms of the Plan.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to a trial by jury, and such demand is due to be stricken from Plaintiffs' Complaint pursuant to binding Eleventh Circuit authority interpreting ERISA.

## FOURTEENTH DEFENSE

Defendant reserves the right to assert other defenses and claims when and if they become appropriate during this action. Defendant hereby specifically denies any allegations contained in the Complaint which were not expressly admitted.

## PEMCO'S COUNTERCLAIM AND CROSS-CLAIM FOR INTERPLEADER

Defendant Pemco Aviation Group, Inc. ("Pemco"), pursuant to Rules 13, 19 and 22 of the Federal Rules of Civil Procedure, files its Counterclaim for Interpleader against Plaintiffs, Rob Salisbury, Steve Salisbury, and Sue Gilliland, and its Cross-Claim for Interpleader against Defendant Lynda Salisbury. As and for its Counterclaim and Cross-Claim for Interpleader, Pemco states as follows:

01312664.1

## PARTIES

1.      Counterclaim and Cross-Claim Plaintiff Pemco Aviation Group, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Birmingham, Alabama.

2.      Upon information and belief, Counterclaim Defendants Rob Salisbury, Steve Salisbury, and Sue Gilliland are the children of Steven Marvin Salisbury, Deceased ("Decedent"). Decedent was a resident of Dale County, Alabama at the time of his death. Upon information and belief, Counterclaim Defendants also reside in Dale County, Alabama.

3.      Upon information and belief, Cross-Claim Defendant Lynda Salisbury is the widow of Decedent. Ms. Salisbury resides in Dale County, Alabama.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this interpleader action pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1331 (federal question), in that this matter relates to an ERISA-regulated employee pension benefit plan and, as such, arises under the laws of the United States. This Court's original federal question jurisdiction is therefore founded upon ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

5.      Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1397 (the district where one or more of the claimants reside), and 29 U.S.C. § 1132(e)(2) (the district where decedent lived).

6.      Nationwide service of process is authorized under 28 U.S.C. § 2361.

## CAUSE OF ACTION IN INTERPLEADER

7.      Decedent was a participant in a 401K Plan (the "Plan") established and maintained by Pemco, his former employer. The Plan is an employee pension benefit plan as defined by Section 3(2) of the Employee Retirement Income Security Act of 1974, as amended

7

01312664.1

("ERISA"), 29 U.S.C. § 1001 *et seq.* A copy of the Summary Plan Description for the Plan is attached as Exhibit A to Joint Notice of Removal.

8.      On November 16, 1994, Decedent completed, executed and submitted a Beneficiary Designation Form designating his children, Robert Salisbury, Sue Salisbury and Stephen Salisbury, as Primary Beneficiaries to funds credited to his 401K account at the time of death. A true and correct copy of the November 16, 1994 Beneficiary Designation Form is attached hereto as Exhibit A.

9.      On or about June 16, 1996, Decedent married Cross-claim Defendant Lynda Salisbury. On or after April 1, 2005, Decedent completed (but did not sign or execute) a second Beneficiary Designation Form designating his spouse, Lynda Salisbury, as the Primary Beneficiary (100%) to funds credited to his 401K account at the time of death, and his son, Steven Salisbury, as the Contingent Beneficiary to those funds. A true and correct of the unsigned and undated Beneficiary Designation Form is attached hereto as Exhibit B.

10.     Stephen Marvin Salisbury died on December 13, 2005. Decedent's 401K account had a balance of $121,167.20 as of the date of his death. Soon after Decedent's death, Counterclaim Defendants Rob Salisbury, Steve Salisbury, and Sue Gilliland, and Cross-Claim Defendant Lynda Salisbury made competing claims to funds credited to Decedent's 401K account.

11.     Pemco is a mere stakeholder and claims no beneficial interest in the proceeds of the 401K account identified above.

12.     Until this Court rules on the issue of whether the group life benefits should be paid to Cross-Claim Defendant, Counterclaim Defendants or another potential beneficiary, in

01312664.1

accordance with the terms of the Plan, Pemco cannot safely determine the proper recipient(s) of the benefits without risking exposure to multiple liability.

**WHEREFORE, PREMISES CONSIDERED**, Pemco respectfully prays that this Court enter an Order:

(i)    Restraining Cross-Claim and Counterclaim Defendants by Order and Injunction of this Court from instituting any action against Pemco or the Plan for the recovery of Plan Benefits;

(ii)    Requiring Cross-Claim and Counterclaim Defendants, both currently named and as subsequently named and added, to answer this Complaint in Interpleader and litigate their claims between themselves for the subject total Plan benefits in this action;

(iii)    Enjoining Cross-Claim and Counterclaim Defendants from instituting or prosecuting any proceeding in any state or United States Court affecting the additional Plan benefits involved in this interpleader action pursuant to 28 U.S.C. § 2361.

(iv)    Requiring that Cross-Claim and Counterclaim Defendants settle and adjust among themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the total funds should be paid;

(v)    Permitting Pemco to deposit the amount of said Plan benefits into the Registry of this Court in an interest bearing account or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(vi)    Discharging Pemco and the Plan from any further liability upon payment of the aforementioned Plan benefits into the Registry of this Court or as otherwise directed by this Court and dismissing with prejudice this action as to Pemco.

01312664.1

(vii)    Awarding Pemco attorney fees and costs related to this Action and any

other and further relief that this Court deems just and proper.

_____
William B. Wahlheim, Jr.
John David Collins


Attorneys for Defendant
PEMCO AVIATION GROUP, INC.
Alabama Corporations


OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: (205) 254-1000
Fax: (205) 254-1999

01312664.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 29th day of March, 2006.

Allen K. Mitchell
Meredith, Mitchell & Gabrielson, P.C.
707 West Main Street
Dothan, AL 36301

Wade Hampton Baxley
Ramsey, Baxley & McDougle
P. O. Drawer 1486
Dothan, AL 36302

OF COUNSEL

01312664.1